**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME RATLIFF, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-2787 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| A&R LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant A&R Logistics, Inc.'s motion to dismiss [8]. For the reasons set forth below, the Court grants Defendant's motion to dismiss [8]. Plaintiff is given until March 28, 2018, to file an amended complaint if he believes that he can cure the deficiencies identified below.

**I.    Background[1]**

On or about December 6, 2014, Plaintiff Jerome Ratliff Jr. submitted an online application for a position as a commercial truck driver with Defendant A&R Logistics, Inc. On or about December 8, 2014, Defendant obtained a background report on Plaintiff from HireRight, a consumer reporting agency. Plaintiff alleges, on information and belief, that Defendant decided not to hire Plaintiff based on information contained in the HireRight background report.

The Fair Credit Reporting Act ("FCRA") imposes an adverse action notification requirement on an employer who takes an adverse action against an applicant for employment or

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

an employee when the adverse action is based—in whole or in part—on the contents of a consumer report obtained from a consumer reporting agency. 15 U.S.C. § 1681b(b)(3). Most employers are required to provide written notice of any possible adverse action along with a copy of the consumer report and a summary of the individual's rights under FCRA prior to taking any adverse action. 15 U.S.C § 1681b(b)(3)(A). However, qualifying transportation employers need only provide written notice within three days of the final adverse decision. 15 U.S.C. § 1681b(b)(3)(B). The parties agree that Defendant is a qualifying transportation employer. Accordingly, under FCRA, Defendant did not need to provide Plaintiff with written notice to Plaintiff prior to taking any adverse action.

Still, Plaintiff alleges that Defendant failed to provide him, within three business days of deciding not to hire him, the notice required under 15 U.S.C. § 1681b(b)(3)(B). Plaintiff learned about the HireRight background report in October of 2015 through his own investigation. Plaintiff subsequently filed a complaint against Defendant, bringing one claim under FCRA. [See 1.] Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff fails to allege an injury in fact sufficient to satisfy Article III's standing requirements. [See 8.] Pending before the Court is Defendant's motion to dismiss [8].

**II.     Legal Standard**

A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946

(7th Cir. 2003) (*en banc*), overruled on other grounds by *Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

## III. Analysis

Plaintiff brings one claim against Defendant for violating FCRA. Plaintiff alleges that Defendant "took adverse action against him by disqualifying him from further consideration for employment based, in part, upon the information contained in HireRight's background report" without providing with the "notice required by the FCRA within three business days of" the adverse decision. [1, at ¶¶ 23, 25.] Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff fails to allege an injury-in-fact sufficient to establish Article III standing. Plaintiff argues that he alleges two concrete injuries in fact—an informational injury and an invasion of privacy—of which each alone is sufficient to establish standing.

### A. Standing

Article III of the Constitution limits federal-court jurisdiction to actual cases and controversies. U.S. Const., Art. III, § 2. The "irreducible constitutional minimum of standing" consists of three elements: injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff bears the burden of establishing each element. *Id*. at 561. "In order to survive a challenge to standing, a plaintiff must plead sufficient factual allegations to 'plausibly suggest' each of these elements." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Silha v. ACT, Inc.*, 807 F.3d 169, 174

(7th Cir. 2015)). To establish standing, "an injury in fact must be both concrete and particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citations omitted).

Defendant does not contest that Plaintiff's alleged injury is particularized. However, Defendant does argue that Plaintiff fails to allege a concrete injury. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (internal citations omitted). However, an injury need not be "tangible" to be "concrete." *Id*. at 1549. In determining whether an intangible harm constitutes injury in fact, both common law and the judgment of Congress play important roles. *Id*. Specifically, an intangible injury may constitute an injury in fact if (1) "the common law permitted suit in analogous circumstances," or (2) "the statutory violation presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the statute." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (citations and quotations omitted). "In enacting the FCRA, Congress identified the need to 'ensure fair and accurate credit reporting,' and 'protect consumer privacy.'" *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)). Plaintiff points to an informational injury and an invasion of privacy as sufficient to establish standing.

For the reasons discussed below, the Court concludes that neither common law nor the congressional intent behind FCRA support the conclusion that Plaintiff has suffered an injury in fact as a result of Defendant's alleged statutory violation of FCRA.

**B.     Informational Injury**

By enacting FCRA, "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Spokeo*, 136 S.Ct. at 1550.

Here, because Plaintiff fails to allege that the background report allegedly used by Defendant contained any inaccurate or false information, his complaint falls short of stating a claim.

As the Supreme Court indicated in *Spokeo*, albeit in dicta, the failure to provide information required to be disclosed under FCRA would not constitute an injury in fact unless the information was (1) inaccurate, and (2) the dissemination of the inaccurate information could cause concrete harm. 136 S. Ct. at 1550. The Supreme Court reasoned:

> A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Id*. Plaintiff here does not allege that the background report allegedly used by Defendant contained any inaccuracies that could work to cause concrete harm. In fact, Plaintiff does not allege that the background report contained any inaccuracies at all. Thus, Plaintiff fails to allege an informational injury sufficient to satisfy Article III's injury-in-fact requirement.

Plaintiff argues that "the denial of access to statutorily required information" alone "is a concrete harm giving rise to Article III standing." [14, at 10.] In making this argument, Plaintiff relies on *Federal Election Commission v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989), which both held that the denial of access to information that is statutorily required to be made public constitutes an informational injury sufficient to establish an injury in fact. In both of those cases, however, the denial of access to information resulted in some other harm related to the interests Congress sought to protect in enacting the statutes at issue in those cases.

In *Akins*, the plaintiffs filed suit against the Federal Elections Committee ("FEC") challenging its determination that the American Israel Public Affairs Committee ("AIPAC") was not a "political committee" as defined by the Federal Election Campaign Act of 1971 ("FECA"). 524 U.S. at 18. If the FEC determined that AIPAC was a political committee as defined by FECA, the AIPAC would have to disclose information plaintiffs claimed "would help them (and others to whom they would communicate it) to evaluate candidates for public office, especially candidates who received assistance from AIPAC, and to evaluate the role that AIPAC's financial assistance might play in a specific election." *Id*. at 21. The Supreme Court concluded that the plaintiffs satisfied Article III's injury-in-fact requirement. *Id*. Plaintiffs' injury was not simply the denial of access to information; it was plaintiffs' inability to evaluate candidates for public office without the requested information, which was an informational injury related to the interests Congress sought to protect through FECA. *Id*.

Similarly, in *Public Citizen*, public interest groups filed suit against the Department of Justice seeking records under the Federal Advisory Committee Act ("FACA") from the American Bar Association's Standing Committee on Federal Judiciary, which provided information to the Department of Justice regarding potential nominees for federal judgeships. 491 U.S. at 443. The Supreme Court concluded that plaintiffs satisfied Article III's injury-in-fact requirement, as they sought "access to the ABA Committee's meetings and records in order to monitor its workings and participate more effectively in the judicial selection process." *Id*. at 449. Again, plaintiffs' injury was not simply the denial of access to information; it was plaintiffs' inability to more effectively monitor and participate in the judicial selection process, which was an informational injury related to the interests Congress sought to protect through FACA. *Id*.

Here, Plaintiff does not allege facts establishing that Defendant's violation of FCRA inhibited any interest Congress sought to protect in enacting FCRA. Specifically, Plaintiff does not allege facts indicating that Defendant's violation of FCRA resulted in the dissemination of false information regarding Plaintiff or resulted in an appreciable risk that false information regarding Plaintiff would be disseminated.

Nor does Plaintiff allege that Defendant's violation of FCRA inhibited some other interest that Congress sought to protect—such as the interest in evaluating candidates for public office invoked in *Akins* or the interest in monitoring and participating in the judicial selection process invoked in *Public Citizen*. Plaintiff's reliance on *Akins* and *Public Citizen* therefore is misplaced. Indeed, the Seventh Circuit has recently refused to extend *Akins* and *Public Citizen* to a case involving FCRA where the plaintiff failed to allege that the defendant's alleged violation of FCRA presented "an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the statute" at issue. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (internal quotation marks omitted) (citing *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016); *Spokeo*, 136 S.Ct. at 1549-50).

In *Groshek*, a job applicant brought suit against an employer for alleged violations of 15 U.S.C. § 1681b(b)(2)(A) of FCRA, which prohibits a prospective employer from procuring a consumer report for employment purposes unless certain procedures are followed. 865 F.3d at 886. Specifically, the plaintiff alleged that the defendant failed to provide a clear and conspicuous disclosure in a document that consisted solely of the disclosure. *Id*. According to the Plaintiff, the disclosure provided by the defendant contained additional information. *Id*. Because the plaintiff did not allege that he was confused by the additional information or that he would not have signed a release if the additional information had not been included in the

disclosure, the Seventh Circuit concluded that the plaintiff "alleged a statutory violation completely removed from any concrete harm or appreciable risk of harm." *Id*. at 887. The Seventh Circuit distinguished the case from *Akins* and *Public Citizen*, reasoning that FCRA was not enacted to protect the plaintiff "from the kind of harm he claims he has suffered, *i.e.*, receipt of a non-compliant disclosure." *Id*. at 888 (citing *Akins*, 524 U.S. at 21–25). "Congress did not enact § 1681b(b)(2)(A)(i) to protect job applicants from disclosures that do not satisfy the requirements of that section; it did so to decrease the risk that a job applicant would unknowingly consent to allowing a prospective employer to procure a consumer report." *Id*. Because Plaintiff in this case fails to allege an appreciable risk of harm to the informational interest that Congress sought to protect by enacting FCRA—the dissemination of false information—the same result follows here.[2]

Plaintiff filed a notice of supplemental authority, bringing to the Court's attention the Ninth Circuit's decision on remand from *Spokeo*. But that decision does not support Plaintiff's argument. Although the Ninth Circuit concluded that the plaintiff's allegations of harm under FCRA were sufficiently concrete to satisfy Article III's standing requirements, the report at issue allegedly contained inaccurate information about the plaintiff. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1110 (9th Cir. 2017). Furthermore, the Ninth Circuit recognized that the plaintiff would have to show that the inaccurate information on the report at issue was material. *Id*. at 1116. Again, Plaintiff here does not even allege that the HireRight report contained any inaccuracies, much less material inaccuracies.

---

[2] In *Groshek*, the Seventh Circuit also distinguished *Akins* and *Public Citizen* on the ground that the plaintiffs in those cases sought to compel the defendants to provide plaintiffs with the required information. *Id*. Because Plaintiff is not seeking to compel Defendant to provide him with the disclosures required by FCRA, Plaintiff here does not allege the same kind of informational injuries alleged in *Akins* and *Public Citizen*.

8

The Court recognizes that other district courts have held—even after *Spokeo*—that the mere failure to provide information required to be disclosed by statute is sufficient to establish an injury in fact, including decisions discussing the same provision of FCRA at issue in this case. See, *e.g.*, *Demmings v. KKW Trucking, Inc.*, 2017 WL 1170856, at *6 (D. Or. Mar. 29, 2017) (holding that defendant's failure to provide Plaintiff with the required disclosures under 15 U.S.C. § 1681b(b)(3)(B) constituted a "concrete, informational injury" sufficient to establish an injury in fact); *Banks v. Cent. Refrigerated Servs., Inc.*, 2017 WL 1683056, at *4 (D. Utah May 2, 2017) (concluding that "the failure to provide [plaintiff] with information that he is statutorily entitled to [was] not a 'bare procedural violation' but is a violation of [plaintiff's] substantive rights under the FCRA").

However, the Court concludes that these decisions are inconsistent with *Spokeo's* holding that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation."[3] *Spokeo, Inc.*, 136 S. Ct. at 1550; see also *Groshek*, 865 F.3d at 886. "Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016) (citing *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 590-91 (7th Cir. 2016)); see also *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 346 (4th Cir. 2017) ("Failing to identify either a common law analogue or a harm Congress sought to prevent,

---

[3] The cases that have concluded that any violation of § 1681b(b)(3)(B) constitutes a concrete informational injury have relied on the notion that FCRA creates a substantive right, the violation of which is sufficient to establish an injury in fact. *Banks v. Cent. Refrigerated Servs., Inc.*, 2017 WL 1683056, at *2 (D. Utah May 2, 2017) ("If a statute creates a substantive right, then a violation of that statutory right cannot be considered merely procedural."); *Demmings v. KKW Trucking, Inc.*, 2017 WL 1170856, at *8 (D. Or. Mar. 29, 2017) ("The Court finds persuasive these, and other cases that similarly hold that the Sections 1681b(b)(2)(B) and (b)(3)(B) and similar provisions of the FCRA establish substantive informational and privacy rights held by the consumer."). But the Seventh Circuit has rejected the proposition that a violation of a statutorily created substantive right always constitutes an injury in fact sufficient to satisfy Article III's standing requirements. *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017) ("But a failure to comply with a statutory requirement to destroy information is substantive, yet need not * * * cause a concrete injury.").

[plaintiff] is left with a statutory violation divorced from any real world effect."); *Hagy v. Adams*, No. 17-3696, slip op. at 7 (6th Cir. Feb. 16, 2018) (holding that even when Congress established statutory damages for violations of FCRA, the plaintiff still had to show some concrete harm such as a risk of double payment or anxiety resulting from the violation in order to satisfy Article III). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc.*, 136 S. Ct. at 1549. Plaintiff here fails to allege any such concrete informational injury.

### C. Invasion of Privacy

Plaintiff also fails to allege a concrete privacy injury sufficient to satisfy Article III's injury-in-fact requirement. Plaintiff argues that the allegations in the complaint sufficiently allege a privacy injury sufficient to satisfy Article III because (1) FCRA bears a close relationship to the common law tort of invasion of privacy, and (2) through FCRA, Congress established a substantive right to privacy that can be enforced through a private cause of action. However, Plaintiff fails to allege any facts indicating that Defendant's alleged violation of FCRA violated Plaintiff's right to privacy in any way. Indeed, Plaintiff's response fails to identify any specific privacy interest implicated by Defendant's alleged violation of FCRA.

The Court recognizes that one of Congress' goals in enacting FCRA was to protect consumer privacy. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017). To that end, FCRA requires that companies obtain authorization from a consumer before accessing the consumer's background report. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) ("Section 1681b(b)(2)(A)(ii), the authorization requirement, further protects consumer privacy by providing the job applicant the ability to prevent a prospective employer from procuring a consumer report, *i.e.*, by withholding consent." (citing S. Rep. No. 104-185 at 35

(1995))). Similarly, Congress required that certain disclosures be provided to any consumer providing authorization to access his private information in order to make sure that the consumer's consent is knowing and voluntary. *Id*. ("Section 1681b(b)(2)(A)(i), the stand-alone disclosure requirement, is clearly designed to decrease the risk of a job applicant unknowingly providing consent to the dissemination of his or her private information.").

Here, Plaintiff does not allege that Defendant violated a provision of FCRA designed to protect consumer privacy. Plaintiff does not allege that Defendant accesses his information without authorization. Nor does Plaintiff allege that he did not receive the required disclosures before he provided his authorization. Accordingly, the Court concludes that Plaintiff fails to allege a concrete privacy injury sufficient to satisfy Article III's injury-in-fact requirement.

## IV. Conclusion

For the reasons explained above, the Court grants Defendant's motion to dismiss [8] and dismisses Plaintiff's complaint without prejudice. Plaintiff is given until March 28, 2018, to file an amended complaint if he believes that he can cure the deficiencies identified above.

Dated: February 28, 2018

                                                Robert M. Dow, Jr.
                                                United States District Judge